UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



JENNIFER LYNN YARRINGTON,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.

Civil No. 4:17-cv-33

## FINAL ORDER

Plaintiff Jennifer Yarrington brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Acting Social Security Commissioner ("the Commissioner") to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and the Local Rules, this matter was referred to a United States Magistrate Judge for a Report and Recommendation ("R&R"). ECF No. 7.

In the R&R filed on January 26, 2018, the Magistrate Judge concluded that the decision by the Administrative Law Judge ("ALJ") to deny Ms. Yarrington's claim was supported by substantial evidence. ECF No. 14. Accordingly, the Magistrate Judge recommended denying Ms. Yarrington's Motion for Summary Judgment and Motion to Remand (ECF Nos. 9, 10), granting the Commissioner's Motion for Summary Judgment (ECF No. 12), affirming the decision of the Commissioner, and dismissing the case with prejudice. ECF No. 14 at 21.

By copy of the Report, each party was advised of the right to file written objections to the finds and recommendations made by the Magistrate Judge. *Id.* On February 9, 2018, the Court

received Plaintiff's objections to the Magistrate Judge's R&R. ECF No. 15. On February 23, 2018, the Court received the Commissioner's response to Plaintiff's objections. ECF No. 16.

I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* any part of a magistrate judge's recommendation to which a party has properly objected. *See also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the magistrate judge], if objected to, are subject to final *de novo* determination . . . by a district judge . . . .").

A court reviewing a decision made in accordance with the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, if the Commissioner's denial of benefits is supported by substantial evidence and was reached by applying the correct legal standard, the Court must affirm the Commissioner's final decision. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589 (citations omitted). In reviewing for substantial evidence, this Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

II. BACKGROUND

As recounted in the R&R, Ms. Yarrington initially filed an application for DIB and SSI in September 2012, alleging disability due to migraines and mental health impairments. ECF No. 14 at 7–8. After the Social Security Administration denied her initial application and her

application on reconsideration, the ALJ found that Ms. Yarrington was not disabled during the period of the alleged disability and denied her claim for benefits on February 10, 2016. The Appeals Council denied Ms. Yarrington's request for review on February 7, 2017. *Id.* at 2.

In denying Ms. Yarrington's application, the ALJ made the following determinations, as required by 20 C.F.R. §§ 404.1520 and 416.920: (1) that Ms. Yarrington had not engaged in substantial gainful activity between the alleged onset date, April 27, 2012, and the date of the hearing; (2) that Ms. Yarrington suffered from severe impairments that included both mental and physical conditions; (3) that the evidence failed to demonstrate that Ms. Yarrington had an impairment or combination of impairments that equaled one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) that Ms. Yarrington was unable to perform past relevant work; but that (5) work suitable for Ms. Yarrington's residual functional capacity existed in significant numbers in the national economy. *See id.* at 11–12. After the Appeals Council denied Ms. Yarrington's request for review, Ms. Yarrington filed the instant Complaint for judicial review of the Commissioner's decision, which was then referred to the Magistrate Judge. *See* ECF Nos. 1, 7. As reviewed above, the Magistrate Judge's R&R recommended that Ms. Yarrington's Motion for Summary Judgment and Motion to Remand be denied, that the Commissioner's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. *See* ECF No. 14 at 21.

Ms. Yarrington presents two objections to the R&R, both of which are substantially similar to the grounds presented in her Motion for Summary Judgment and Motion for Remand: (1) that the ALJ, in rejecting the opinion of Ms. Yarrington's treating psychiatrist as to Ms. Yarrington's ability to work, did not properly weigh the medical opinion evidence regarding her

mental impairments; and (2) that the ALJ failed to properly evaluate Ms. Yarrington's credibility. ECF No. 15 at 2–4.

III. ANALYSIS

A. <u>Weight of Medical Opinion Evidence Regarding Ms. Yarrington's Impairments</u>

First, Ms. Yarrington contends that the Magistrate Judge erred when he concluded that substantial evidence supported the decision of the ALJ to reject the opinion from Ms. Yarrington's treating psychiatrist as to Ms. Yarrington's ability to work. This opinion, set forth in a Questionnaire that Ms. Yarrington's attorney had created to assist with Ms. Yarrington's disability claim, concluded that Ms. Yarrington had "marked" limitations in concentration, persistence, and pace that would keep her off task at work and require frequent absences. R. at 1059–64, 1173–77.

However, as the R&R recognizes, the ALJ carefully reviewed all the medical evidence, including the treating psychiatrist's records, in reaching a conclusion as to Ms. Yarrington's ability to work. Because the evidence before the ALJ as to Ms. Yarrington's mental impairments and her ability to work was conflicting, the ALJ was required to evaluate the credibility of the source of each piece of evidence. In conducting such an evaluation, he concluded that the only opinion that he discounted—the Questionnaire from the treating psychiatrist—did not appear in any medical records, and that the treatment record did not support the treating psychiatrist's opinion as to Ms. Yarrington's limitations. As a lack of support in the treatment record is a proper basis for discounting a treating physician's opinion, the ALJ's decision to afford less weight to the Questionnaire was appropriate. *See Craig*, 76 F.3d at 590. Furthermore, the Magistrate Judge correctly recognized that forms that lack any medical explanation or justification are not entitled to great weight, even when completed by the treating physician. *See Leonard v. Astrue*, No. 2:11cv48, 2012 WL 4404508, at \*4 (W.D. Va. Sept. 25, 2012).

To the extent that there were observations in the treating psychiatrist's notes that were consistent with the signs and symptoms identified in the Questionnaire, the treating psychiatrist *also* noted in those same treatment notes that Ms. Yarrington had normal attention, normal judgment, no delusions, no hallucinations, no obsessions or compulsions, and no suicidal or homicidal thoughts. R. at 572, 1028, 1030, 1034, 1048. The treating psychiatrist categorized Ms. Yarrington's mental condition as mild to moderate. R. at 1027, 1029, 1031, 1033. In addition, other medical records also indicated that Ms. Yarrington's depression and anxiety responded favorably to medication, contradicting the treating psychiatrist's opinion that Ms. Yarrington was incapable of working. *See* R. at 1033. Finally, state agency consultative psychologists who reviewed Ms. Yarrington's record concluded that Ms. Yarrington was "not significantly limited" in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." *See* R. at 108. The ALJ accorded significant to moderate weight to these opinions from the state agency psychologists. *See* R. at 29; *see also* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). In considering the conflicting evidence, the ALJ appropriately evaluated the credibility of the source of each piece of evidence. A review of the record reveals that the ALJ's decision to give more weight to the state agency psychologists and less to the opinion from Ms. Yarrington's treating psychiatrist is supported by substantial evidence.

In addition, the Magistrate Judge's thorough review of the ALJ's evaluation also confirms that there were no errors in the consideration of the medical evidence Ms. Yarrington presented, or in the scope of that consideration. The ALJ considered the treating psychiatrist's opinion that Ms. Yarrington could not work as the result of her mental impairments, but after

conducting a careful review of the medical evidence, found such an opinion inconsistent and contradictory with that evidence. Accordingly, the Magistrate Judge correctly concluded that "[b]ecause the ALJ's decision to give little weight to certain opinions of Yarrington's treating [psychiatrist] and more weight to the state agency consultative psychologists was supported by substantial evidence, those decisions do not warrant remand." ECF No. 14 at 18. This Court agrees. *See also Dunn v. Colvin*, 607 Fed. App'x 264, 267 (4th Cir. 2015) (internal citations omitted) (noting that courts should not disturb an ALJ's decision as to the weight afforded a medical opinion absent some indication that the ALJ "dredged up 'specious inconsistencies'").

B.   The ALJ's Evaluation of Ms. Yarrington's Credibility

Second, Ms. Yarrington also contends that the Magistrate Judge erred by concluding that the ALJ's decision to discount Ms. Yarrington's credibility regarding the impact of her conditions on her ability to work was supported by substantial evidence. Specifically, Ms. Yarrington contends that the Magistrate Judge did not reference any of the ALJ's findings related to Plaintiff's mental impairments or find that the ALJ properly considered such statements. Ms. Yarrington argues that this requires remand for reconsideration of Ms. Yarrington's statements regarding her mental impairments. ECF No. 15 at 4.

When evaluating a claimant's subjective symptoms, an ALJ must determine whether there is an underlying medically determinable physical or mental impairment that reasonably could produce the individual's pain or other related symptoms. 20 C.F.R. §§ 404.1529(a), 416.929(a). If the underlying impairment reasonably could be expected to produce the individual's pain, the ALJ must then evaluate a claimant's statements about the intensity and persistence of the pain and the extent to which it affects an individual's ability to work, including

by making a determination as to the credibility of the claimant's statements regarding the extent of the symptoms. *Craig*, 76 F.3d at 595–96.

Here, as the R&R recognized, in evaluating Ms. Yarrington's statements regarding the intensity, persistence, and limiting effects of her symptoms, the ALJ's decision to discount Ms. Yarrington's testimony regarding the impact of her conditions on her ability to work was supported by substantial evidence. First, the ALJ found that although Ms. Yarrington did experience migraines and musculoskeletal pain, these symptoms were "reasonably well-controlled with conservative treatment and medication," as evidenced by records from her visits to the emergency room to treat these symptoms and from other providers. R. at 27, 1106–09. Second, the evidence before the ALJ did not show any treatment for her migraines after 2013. Third, her chiropractor opined that Ms. Yarrington was a malingerer. The ALJ properly noted that the chiropractor's assessment of her overall disability status was "consistent with objective medical evidence and [her] extensive daily activities." R. at 29, 1076–78. As reviewed above, the R&R discussed the mental illness evidence reviewed by the ALJ, the ALJ's reasons for discounting much of the evidence, and the evidence that supported the ALJ's conclusion. ECF No. 14 at 18–20.

The Court agrees with the R&R's conclusion that that the ALJ's assessment of Ms. Yarrington's credibility was supported by substantial evidence. *See Craig*, 76 F.3d at 589. Accordingly, neither the ALJ nor the Magistrate Judge committed errors compelling remand.

IV. CONCLUSION

Following this Court's *de novo* review of the R&R filed on January 26, 2018, and of the objections filed thereto, and finding no errors, the Court ADOPTS AND APPROVES in full the findings and recommendations set forth in the R&R. ECF No. 14. Accordingly, Ms. Yarrington's Motion for Summary Judgment and Motion to Remand (ECF Nos. 9, 10) are

DENIED, the Commissioner's Motion for Summary Judgment (ECF No. 12) is GRANTED, the decision of the Commissioner is AFFIRMED, and this case is DISMISSED WITH PREJUDICE.

The parties are ADVISED that an appeal from this Final Order may be commenced by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within sixty days from the date of this Final Order.

The Clerk is REQUESTED to forward a copy of this Order to all parties.

IT IS SO ORDERED.

/s/
Arenda L. Wright Allen
United States District Judge

March 5th, 2018
Norfolk, Virginia